### REICHELDERFER et v LLOYD

Ohio Appeals, 2nd Dist, Franklin Co

No 3321.  Decided Sept 16, 1941

Robert M. Draper, Columbus, for plaintiff-appellee.

Thomas J. Herbert, Atty. General, Columbus, and David N. Spriggs, Asst. Atty. Gen'l., Columbus, for defendant-appellant.

## OPINION

By BARNES, J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas, Franklin County, Ohio. The proceedings upon which this action was based originated before the defendant Superintendent of Insurance on plaintiff's application for a solicitor's license sought by Smith, Burk & Wells Company to be issued to C. F. Reichelderfer.

The application was filed on the regular form prescribed by the department on June 30, 1939. The same came on for hearing on July 10, 1939, and on August 24th of the same year the Superintendent found that Charles F. Reichelderfer was an unsuitable person for a license as solicitor of insurance and denied the application.

Under the authority of §644-1 GC, an appeal was duly taken to the Court of Common Pleas of Franklin County, Ohio.

Issues were joined through the plaintiffs filing a joint petition to which defendant filed an answer. The cause was duly heard and on December 9, 1940, judgment entered in favor of the plaintiff as per journalized entry, of which the following is a copy, omitting title:

"This cause coming on to be heard upon the petition of plaintiff, answer of the defendant and the evidence and the Court being fully advised in the premises and on consideration thereof finds that the plaintiff is entitled to the relief prayed for.

"It is, therefore, ordered, adjudged and decreed that the action of the Superintendent of Insurance in refusing to grant said license was not justified and that his order refusing to grant said license is hereby set aside and held for naught. The Superintendent of Insurance is hereby ordered to issue said license to said plaintiff, to all of which defendant excepts; at the costs of the defendant."

On December 12th, following the final adjudication on December 9th, defendant filed motion requesting the court to dismiss the action for the reason that the same had become moot since the filing thereof.

So far as is disclosed from the transcript of the docket and journal entries the trial court took no action relative to the above motion.

This may be due to the fact that the motion was not timely filed.

Defendants' assignments of error are set forth under two separately numbered specifications, as follows:

"1. The Court of Common Pleas erred in deciding this case after it had become moot.

"2. The Court of Common Pleas erred in ordering the Superintendent of Insurance to issue a solicitor's license to the plaintiff-appellee, Charles F. Reichelderfer, for which no application had ever been made."

No bill of exceptions was allowed and filed.

It therefore follows that we cannot concern ourselves with any of the factual questions involved.

The second assignment of error is somewhat indefinite, but we are ad-

vised by counsel for appellant that it is substantially the same question as presented under assignment No. 1. The basis for the claim that the action was moot before it was decided by the Common Pleas Court is on the following provisions contained in §644-1 GC, "unless revoked by the Superintendent of Insurance or unless the agent by written notice to the Superintendent cancels the solicitor's authority as such solicitor, or unless cancelled by the Superintendent upon written notice from the solicitor that the solicitor's authority has been cancelled by the agent, such license and any other license issued to a solicitor or any renewal thereof shall expire on the 30th day of June next after its issue."

It is argued that since the joint application of plaintiff was filed with the Superintendent on June 30, 1939, that no action could be taken thereon, either directly or on appeal after June 30, 1940.

The statute does not so read. The above section says, "shall expire on the 30th day of June next after its issue".

We can see no reason why an application filed before June 30th of any year may not be considered and a license granted thereon after June 30th. In other words, this provision of the section is only applicable after the license is issued. To follow appellant's argument it would mean that if an application was filed shortly before June 30th, and through all of the processes of investigation the Superintendent would not be ready to pass on such application until after June 30th, that then no action could be taken but a new application would have to be filed.

In our judgment such a rule would not be founded upon sound reason.

Where the application for license is refused by' the Superintendent, and thereafter an appeal is taken to the Common Pleas Court, we are unwilling to say that the Court loses jurisdiction to determine the controversy unless he can decide the matter before June 30th next following the date of the filing of the petition or the date upon which the Superintendent denied such application.

It is our judgment that the application is continuing and does not expire by lapse of time.

The section of the Code means just what it says and that is that after a license is issued it would expire on the 30th day of June next after its issue.

Of course there is another provision of the statute that provides for renewals, but it is unnecessary to make any comment relative thereto.

From the record before us we are unable to find any prejudicial error in the judgment of the trial court. Therefore, the same will be affirmed and costs adjudged against the appellant.

Entry may be 'drawn accordingly.

GEIGER, PJ. & HORNBECK, J., concur.